THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

MARJA-LIISA OVERBECK (CABN 261707)
KEVIN R. RUBINO (CABN 255677)
LEIF DAUTCH (CABN 283975)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    mari.overbeck@usdoj.gov
    kevin.rubino@usdoj.gov
    leif.dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-328-YGR |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| MARTIN RUPPEL JR., | Hearing Date: November 2, 2023 |
| Defendant. | Time: 3:00 p.m. |
| | Judge: Hon. Yvonne Gonzalez Rogers |

## I.   INTRODUCTION

Defendant Martin Ruppel appears before this Court to plead guilty and be sentenced on one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(B).  Given the significant health problems that Ruppel faces, and his minimal role as a drug courier, the parties are jointly recommending a sentence of time served.  The government believes that the goals of deterrence, just punishment, and rehabilitation can be achieved through a four-year term of supervised release, during which time Ruppel's drug addiction and health issues can be addressed.  This Court imposed a non-custodial sentence for the most similarly-situated codefendant, Analisa Cuevas, and the government asks the Court to do the same for Ruppel.

UNITED STATES' SENTENCING MEMORANDUM    1
21-CR-328-YGR

## II. BACKGROUND

This case is part of the government's larger investigation into the criminal activities of the Nuestra Familia prison gang (NF). The illegal drug trade is NF's primary source of funds, and the gang facilitates drug deals both on the streets and behind bars. Ruppel played a role in facilitating that trade by helping an incarcerated NF associate he knew from childhood.

Specifically, on February 3, 2021, Ruppel was contacted by his NF associate, who told him to pick up some methamphetamine in Oakland. PSR ¶ 14. Ruppel was then instructed to drive to a Target parking lot in Hayward. PSR ¶ 15. Ruppel was approached by a man (an FBI informant), who asked Ruppel if he was "E's boy." *Id*. Ruppel confirmed that he was and gave the informant the methamphetamine. *Id*. The informant asked Ruppel if that was all he had, and Ruppel said he had more. *Id*. After the transaction was done, Ruppel confirmed for the NF associate that the delivery had been completed. PSR ¶ 16. Laboratory testing revealed the methamphetamine exchanged in the transaction had a net weight of 451 grams and was 98 percent pure. PSR ¶ 17.

## III. PSR AND APPLICABLE GUIDELINES CALCULATION

Probation calculates Ruppel's Base Offense Level as 30, with reductions for acceptance of responsibility (-3), safety valve eligibility (-2), minimal role (-2), and zero-point offender status (-2), for a Total Offense Level of 21. PSR ¶ 22-32. The parties agree with that calculation, as reflected in an updated plea agreement provided to the Court on October 24, 2023.[1] Probation notes that Ruppel has several adult convictions, mostly related to drug possession, but they all are too stale to carry any criminal history points. PSR ¶ 35-43. Accordingly, Probation finds—and the government agrees—that Ruppel is in Criminal History Category I. A Total Offense Level of 21 and CHC I yields an advisory guidelines range of 37-46 months. The parties are jointly recommending a sentence of time served (10 days), while Probation is recommending a downward variance to 18 months.

---

[1] In the PSR, Probation notes a disagreement with the parties' calculation, but that disagreement has been resolved in favor of Probation's calculation. *See* PSR ¶ 3.

UNITED STATES' SENTENCING MEMORANDUM  2
21-CR-328-YGR

## IV. DISCUSSION

### A. Applicable Sentencing Factors

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

### B. A Sentence of Time Served Is Warranted Under 18 U.S.C. § 3553(a)

Martin Ruppel knowingly facilitated a methamphetamine deal for an NF associate, and that conduct warranted federal prosecution. However, after full consideration of the section 3553(a) factors, the government submits that the sentence most likely to protect the public and deter future criminal conduct is time served with four years of supervised release.

The nature and circumstances of the offense are serious. Acting at the direction of an NF associate, Ruppel picked up and delivered a pound of methamphetamine to another individual. That he did so in service of a dangerous prison gang only compounds the seriousness of his offensive. But Ruppel's history and characteristics—also properly considered under § 3553(a)(1)—cut the other

direction. Ruppel is severely overweight, confined to a wheelchair, and suffers from a list of serious ailments to include congestive heart failure and Hepatitis C. PSR ¶ 61. Ruppel also has a long-term addiction to methamphetamine, which was a major driver in the instant offense (he was offered a sample of the drugs that he delivered). PSR ¶ 66. While his performance on pretrial supervision has not been perfect, Ruppel has repeatedly expressed a desire to get clean and has applied to several in-patient treatment programs, though none would accept him given his weight and associated health issues. PSR ¶ 68.

The government submits that the best way of protecting the public and deterring Ruppel from criminal conduct is to maintain strict supervision (as he has been under for the past two years) and to ensure that he identifies and completes an in-patient substance abuse treatment program. Such a program could be made a condition of his supervised release and could finally address the root cause of Ruppel's law-breaking over the past 20 years. Such a sentence would also align with the non-custodial sentence imposed for fellow drug courier Analisa Cuevas, avoiding any unwarranted sentencing disparity between like defendants. § 3553(a)(4). And while Probation ultimately does recommend a period of confinement, it agrees that Ruppel's significant medical issues, his struggles with drug addiction, and his need for treatment warrant a significant downward variance from the applicable guidelines. PSR ¶ 100.

## V.  CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of time served, four years of supervised release, and a $100 special assessment.

DATED:  October 25, 2023                           Respectfully submitted,

                                                   THOMAS A. COLTHURST
                                                   Chief, Criminal Division


                                                   /s/ Leif Dautch
                                                   LEIF DAUTCH
                                                   MARJA-LIISA OVERBECK
                                                   KEVIN R. RUBINO
                                                   Assistant United States Attorneys